IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAUTE SAPOLU, | ) | CIVIL NO. 17-00385 ACK-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS ACTION |
| vs. | ) | |
| | ) | |
| STAR PROTECTION AGENCY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION

On May 21, 2018, the Court held an Order to Show Cause
hearing. Because it is clear that Plaintiff Saute Sapolu
("Plaintiff") is unwilling to prosecute this case and will
continue to disregard deadlines, orders, and rules, the Court
RECOMMENDS that this action be DISMISSED for the reasons
articulated below.

BACKGROUND

On March 9, 2018, the Court held a hearing on Defendant
Star Protection Agency, LLC's ("Defendant") Motion to Compel
Production of Documents and Answers to Interrogatories and for
Sanctions. At the hearing, the Court orally granted the Motion,
ordered Plaintiff to provide discovery responses by April 9,
2018, and cautioned that failure to do so would result in the
issuance of an order to show cause why the case should not be
dismissed.[1]

---

[1]   A written order followed on March 29, 2018.

On April 10, 2018, defense counsel confirmed by letter that Defendant did not receive any discovery responses.  Doc. No. 33.

On April 11, 2018, this Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to comply with a Court order and failure to prosecute.  Doc. No. 34. In the OSC, the Court directed Plaintiff's counsel to provide an update regarding the status of their relationship with Plaintiff.

On May 7, 2018, Charles Brower submitted a declaration representing that mail sent to Plaintiff's last known address has been sent back with the notation "Return to Sender" and that attempts to contact Plaintiff via telephone have been unsuccessful; Plaintiff does not answer and there is no option to leave a voicemail.  At the OSC hearing, Mr. Brower represented that further efforts to contact Plaintiff have been equally as unsuccessful.

<u>DISCUSSION</u>

Courts do not take failures to prosecute and failures to comply with Court orders lightly.  Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to *sua sponte* dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."[2]  Fed. R. Civ. P. 41(b);

─────────────────

[2]  FRCP 37(b)(2)(A)(v) also provides a basis to dismiss this action.  Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery, including an

<u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (citing <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In view of Plaintiff's violation of the Court's order and failure to prosecute, the Court finds that the <u>Pagtalunan</u> factors support dismissal of this action.

A.    <u>Public's Interest in Expeditious Resolution</u>

The public's interest in expeditious resolution of this litigation strongly favors dismissal. <u>Pagtalunan</u>, 291 F.3d at 642 (quoting <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted).

---

order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part.").

Plaintiff's inaction, failure to communicate with counsel,
failure to comply with Court-imposed deadlines and orders, and
failure to prosecute, are preventing the timely progression and
resolution of this action.

B.   The Court's Need to Manage its Docket

       For the same reasons discussed above, the second factor
weighs heavily in favor of dismissal.  Plaintiff's failure to
comply with the Court's order, communicate with counsel, and
participate in this action, has interfered with the Court's
ability to manage its docket.  The Court, not Plaintiff, should
control the pace of the docket.  Yourish, 191 F.3d at 990.
Indeed, "[i]t is incumbent upon the Court to manage its docket
without being subject to routine noncompliance of litigants such
as [Plaintiff]."  Paqtalunan, 291 F.3d at 642 (citing Ferdik, 963
F.2d at 1261).

C.   The Risk of Prejudice to Defendants

       Like factors one and two, the risk of prejudice to
Defendant weighs in favor of dismissal.  Plaintiff's conduct
will impair Defendant's ability to proceed to trial and threatens
to interfere with the rightful decision of the case.  Id.   Due
to Plaintiff's refusal to participate in the proceedings,
Defendant has been unable to obtain relevant information critical
to the preparation of its defense.  The progression of this case
has been and would continue to be severely hindered by

4

Plaintiff's inaction.  The continued burden to Defendant, caused by Plaintiff's failures, would be unduly prejudicial.

D.   <u>Availability of Less Drastic Alternatives</u>

Under the present circumstances, the Court believes that less drastic alternatives would be ineffective.  Insofar as Plaintiff has terminated communications with his counsel and remains unresponsive, imposing any lesser sanction would be an exercise in futility.  Accordingly, this factor supports dismissal.

E.   <u>Public Policy Favoring Disposition of Cases on Their Merits</u>

Finally, the Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

In sum, given that four of the five <u>Pagtalunan</u> factors favor dismissal, this action should be dismissed for failure to comply with the Court's order and for failure to prosecute.

<u>CONCLUSION</u>

Based on the foregoing, this Court RECOMMENDS that the action be DISMISSED pursuant to FRCP 41(b).

IT IS SO FOUND AND RECOMMENDED.

DATED:    Honolulu, Hawaii, May 21, 2018.



                                _____
                                Kevin S.C. Chang
                                United States Magistrate Judge

CIVIL NO. 17-00385 ACK-KSC; SAPOLU V. STAR PROTECTION AGENCY, LLC;
FINDINGS AND RECOMMENDATION TO DISMISS ACTION